SCHIELLEIN *vs.* THE BOARD OF SUPERVISORS OF THE
COUNTY OF KINGS.

The object of the notice required by the act "to provide for compensating
parties whose property may be destroyed in consequence of mobs or riots,'
passed April 13, 1855, to be given to the sheriff, was for the purpose of
protection, only.

It was not intended to restrict the action against a city or county to such
persons as shall give notice to the sheriff that their property is threatened
and in danger from rioters, if such notice would be useless for the purpose
of protection.

The statute should be so construed that if a party is informed of a threat, and
have *time to notify* the sheriff, so that he can take all legal means to pro-
tect the property, then the omission to give the notice is fatal.

THIS action was brought for damages resulting from the
destruction, by a mob, composed for the most part, of sol-
diers, on the 7th day of December, 1862, of a building and
contents belonging to the plaintiff. The property was situ-
ated at East New. York, in the county of Kings. The
action is founded on the act of the legislature, entitled "An
act to provide for compensating parties whose property may
be destroyed in consequence of mobs or riots," passed April
13, 1855. (*Laws* 1855, *chap.* 428.)

The plaintiff testified that he fled from his home before it
was destroyed ; giving as a reason for so doing, that he was
informed that the crowd were going to pull his house down
and hang him ; and that he left his house about five or ten
minutes afterwards. He also admitted that he did not give
the sheriff notice that his property " was threatened and in
danger from rioters," and did not know it was necessary.
The office of the sheriff was at No. 14 Court street. The
county jail was nearer East New York, within three quarters
of an hour of the plaintiffs' house by the city cars.

Among other things, the court, under exceptions, charged
the jury a follows :  " There is another qualification of the
plaintiff's right to recover. If there was sufficient time
after he was apprised of any threat or attempt so to
destroy or injure his property, in the exercise of due dili-

Schiellein *v.* Supervisors of Kings County.

gence, to notify the sheriff of this county of the facts which had been brought to his knowledge, so as to have enabled him, on receipt of such notice, to take proper measures to protect the property, then his omission to do it would deprive him of all claim on the county.   On this branch of the case the jury were to take into consideration the distance between the plaintiff's residence and that of the sheriff, and the time that would reasonably be necessary to give such notice, and enable the sheriff to take the appropriate legal means, such as raising a posse or the requisite force, taking the necessary measures to prevent the injury ; and if, upon the whole evidence, they were satisfied that there was sufficient time for that purpose, then, as the plaintiff has not given any notice, or made any attempt to give it, he can not recover ; but on the other hand, if the time was insufficient, then the mere omission to notify the sheriff, or to make any attempt to do so, will not be a bar to a recovery."

The jury rendered a verdict for the plaintiff for $2000, and the court thereupon ordered the exceptions to be heard in the first instance at a general term.

*Britton & Ely,* for the plaintiff.

*J. M. Van Cott,* for the defendants.

*By the Court,* J. F. BARNARD, J.   The object of the notice required by the act "to provide for compensating parties whose property may be destroyed in consequence of mobs or riots," passed April 13, 1855, was for the purpose of protection only.   The notice is given to the sheriff, who can exert the power of the county if necessary.   It is made this officer's duty to take all legal means to protect the property, and if he neglect or refuse he is made individually liable for the damages sustained by the person who shall have given him notice.   It is not intended to restrict the action against a city or county to such as shall give notice

to the sheriff, if such notice be useless for the purpose of protection.   The statute must receive a reasonable and lib eral construction.

The refusal to charge that if the plaintiff could have given the notice to the sheriff after he left his premises and before they were destroyed by the mob, was right.   It is not information to the sheriff, but protection from him which is to result from the notice.

The defendant further requested the court to charge that if the plaintiff, after leaving his premises and before they were fired, had time to give notice to the sheriff and the sheriff might by possibility or probability have arrived in time to prevent some portion of the injury, or arrest any of the rioters, the plaintiff could not recover.   The court refused so to charge, and that is alleged as error.   I think not. It is not the possibility or probability that a sheriff might arrive in time to save the smallest portion of the plaintiff's property or to arrest a rioter, that should destroy the plaintiff's claim against the county.   The act should, I think, be construed so that if a party is informed of a threat and have time to notify the sheriff so that he can take all legal means to protect the property, then the omission to give the notice is fatal ; and this the judge charged fairly.

Judgment affirmed with costs.

[Kings General Term, February 8, 1865.   *Lott, J. F. Barnard* and *Scrugham,* Justices.