By the Court:

Fithian, J.
In these cases the statute provides that no recovery shall be had for property destroyed or injured by a mob, if it appear that the destruction or injury was occasioned, or in *372 any manner aided, sanctioned, or permitted by the carelessness or negligence of the party seeking to recover. Nor shall any recovery be had unless such party shall have used all reasonable diligence to prevent such damage, and shall have given notice to the mayor of such city, or the sheriff of such county, immediately after being apprised of any threat or attempt to destroy or injure the property by any mob or riot, of the facts brought to his knowledge; and, thereupon, it is made the duty of the officer so notified to use all legal means to protect the property. And if he refuse or neglect to do it, an action may be maintained against the officer, for the value of the property destroyed, by the injured party. ■
It is clear, upon the face of this statute, that its object and purpose in requiring notice of any threat or attempt by a mob to injure property, was for the purpose of protection to the property, to enable the constituted civil or military authorities, or both, to meet and overcome riotous, illegal force by organized legal force, and thus afford protection to persons and property. And in such case if a party, knowing that injury to his property had been threatened by mob violence, omit to give notice of that fact to the civil authorities, who could and would have afforded protection if they had been notified, he shall not recover, because it is his own fault and neglect that the injury was not prevented.
But the object and purpose, or reason for giving such notice, have no application to the circumstances and conditions under which plaintiff’s property was destroyed in this case. This court will and must take judicial notice that on the 14th day of July, 1863, a very considerable portion of the city of New York, including that part where plaintiff’s premises are situated, was under the absolute and uncontrollable domination of an organized, riotous, and rebellious mob ; that in those parts of the city where it held sway, the civil and military authorities were excluded by force, and utterly powerless to offer successful resistance to the riotous proceedings; that for more than a day previous to and after the destruction of plaintiff’s premises, both the Mayor and Sheriff knew of this mob and all its proceedings,, and *373 were exerting every available power and means at their command to subdue it, and that without success, until aided by the strong arm of military power. What good, for any purpose of protection, would or could have resulted from the plaintiff giving notice to the Mayor or Sheriff that this mob had threatened his property \ They both knew already that all the property in that part of the city, as well as human life, was threatened by this mob, and were exerting their utmost power to subdue it. It is clear that the provisions of the statute in regard to notice is not applicable to a case of this kind (Shudlim v. The Board of Supervisors of Kings Co., 43 Barb., 490; Ely v. The Board of Supervisors of Niagara Co., 36 N. Y. Rep., 297).
The exception of the plaintiff must be sustained, the order dismissing the complaint reversed, and a new trial ordered, with costs to abide the event.